IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LAWRENCE ALLEN FULLER | § | |
| VS. | § | CIVIL ACTION NO. 1:09-CV-724 |
| CHRISTOPHER JONES, ET AL | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, Lawrence Allen Fuller, a state prisoner, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983, alleging defendants assaulted him and denied him due process when he was locked up in segregation for fifty-eight (58) days. Plaintiff seeks damages and declaratory relief.

### I. Background & Procedural History

On November 8, 2011, the Magistrate Judge to whom this case was referred entered an order denying plaintiff's motion for substituted service (docket entry no. 148) and motion to serve by publication (docket entry no. 149). Plaintiff filed objections to the order denying such motions and a motion to reconsider plaintiff's motion for substituted service (docket entry nos. 157 & 173). This Court liberally construed plaintiff's motions as a notice of appeal to the district judge of the order denying plaintiff's motion for substituted service and motion to serve by publication. As such, on January 19, 2012 this Court entered a memorandum opinion and order denying plaintiff's appeal of the Magistrate Judge's order denying plaintiff's motion for substituted service and motion to serve by publication (docket entry no. 176). In this order, this

Court gave plaintiff an additional fifteen (15) days to notify the Court whether he seeks to voluntarily dismiss his claims against defendant Christopher R. Jones or provide the Court with additional locating information so that service could be effected in a manner reasonably effective to give notice of suit to this defendant. The Court admonished plaintiff that failure to comply with the order would result in dismissal of plaintiff's claims against defendant Christopher R. Jones for failure to serve within 120 days pursuant to Federal Rule of Civil Procedure 4(m). The Court has received no response from plaintiff with respect to this order.

## II. Legal Analysis

Under the Federal Rules of Civil Procedure,

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period . . . .

FED. R. CIV. P. 4(m). Interpreting Rule 4(m), the United States Court of Appeals for the Fifth Circuit has found that "when a plaintiff fails to serve a defendant within the 120-day period, the district court has two choices: It may either 'dismiss the action without prejudice . . . or direct that service be effected within a specified time.'" *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

In the present case, plaintiff has not responded to this Court's memorandum opinion and order denying plaintiff's appeal of order denying plaintiff's motion for substituted service and motion to serve by publication. Defendant Christopher R. Jones has still not been served to date. Furthermore, as this order stated, more than 500 days had already passed since the Magistrate Judge ordered the Clerk of Court to issue service of process and the United States Marshal's

2

office serve the defendants in this case. This Court gave plaintiff an additional fifteen (15) days to provide the court with additional locating information in order to effect service on defendant Christopher R. Jones or notify the Court whether he seeks to voluntarily dismiss his claims against this defendant. Plaintiff was notified that failure to comply with this order would result in dismissal of his claims against defendant Christopher R. Jones for failure to serve. Plaintiff has been given a significant extension of time in order to have process served and has failed to do so. Under these circumstances, the Court finds no basis for granting any additional extensions for the purpose of effectuating service on defendant Christopher R. Jones. The Court, therefore, finds that the claims against defendant Christopher R. Jones should be dismissed. In accordance with Federal Rule of Civil Procedure 4(m), the dismissal will be without prejudice.

### III. Conclusion

For the foregoing reasons, it is, therefore, **ORDERED** that plaintiff's claims against defendant Christopher R. Jones are **DISMISSED**, without prejudice, for failure to serve within 120 days pursuant to Federal Rule of Civil Procedure 4(m).

**SIGNED** this the 6 day of **March, 2012.**

_____
Thad Heartfield
United States District Judge