IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LAWRENCE ALLEN FULLER | § | |
| VS. | § | CIVIL ACTION NO. 1:09-CV-724 |
| CHRISTOPHER JONES, ET AL | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Lawrence Allen Fuller, an inmate formerly confined at the Mark Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends defendants' motion for summary judgment as to plaintiff's official capacity claims and Fourteenth Amendment claims be granted but denied as to qualified immunity.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

To the extent plaintiff asserts an official capacity claim as to the remaining defendants for prospective injunctive relief to modify the Use of Force plan so the penalties are more strict, this claim must be denied for failure to state a claim. An exception to the Eleventh Amendment immunity does exist with respect to claims against state officials for prospective injunctive relief. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed 714 (1908). In the present case, however, the evidence in the record shows that the remaining defendants were merely TDCJ correctional

officers at the time at issue and not policymakers. None were nor are in a position to implement, modify or alter TDCJ policy as to the Use of Force plan. Moreover, the Fifth Circuit has held that a state official cannot be enjoined to act in any way that is beyond his authority to act in the first place. *Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001). As such, this claim must be denied.

Finally, plaintiff asserts his original complaint clearly established that he was denied equal protection of the law which is a violation under the Fourteenth Amendment. *See* Plaintiff's Objections, docket entry no. 204, pg. 2. A review of the complaint, however, reveals no mention of the equal protection clause but rather plaintiff's complaints of due process violations under the Fourteenth Amendment. Regardless, plaintiff's equal protection claim must be denied for failure to state a claim. Plaintiff has failed to demonstrate he has been "intentionally discriminated against . . . because of membership in a protected class," or "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Nance v. New Orleans & Baton Rouge Steamship Pilots' Ass'n*, 174 Fed. Appx. 849, 854 (5th Cir. April 10, 2006) (citations omitted). Accordingly, this claim must also be denied for failure to state a claim.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**.

**SIGNED** this the **13** day of **April, 2012.**

_____
Thad Heartfield
United States District Judge